## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

JEREMY CAREY, on his own
behalf and on behalf of others
similarly situated,

        CASE NO.:

    Plaintiff,

v.

GUARD FORCE INTERNATIONAL, INC.,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JEREMY CAREY (hereinafter refered as "Plaintiff"), on behalf of himself and other non-exempt security guards, by and through undersigned counsel, files this Complaint against Defendant, GUARD FORCE INTERNATIONAL, INC. ("GFI" or "Defendant") and state as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself and others similarly situated current and former non-exempt security guard employees of the Defendant, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid overtime wages from Defendant, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; (iii) entitled to declaratory relief pursuant to 28 U.S.C. §2201; and (iv) entitled to an award of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

2. Specifically, Plaintiff complains that he, as well as other similarly situated security guards, were regularly required to work overtime while employed by Defendant, but that Defendant systematically failed to pay Plaintiff and its other similarly situated employees their full overtime wages due, because it excluded certain wages when it calculated their regular rate of pay and resulting overtime rates of pay.

3. To that end, Plaintiff complains that Defendant failed to include payments made to Plaintiff and other similarly situated employees, which Defendant categorized as "Health and Welfare" or "H&W" wages, in the calculation of their regular rate of payment each week, and thus failed to pay such employees the full and proper overtime due under the FLSA in weeks in which they worked in excess of 40 hours a week.

4. Based on Defendant's company-wide policy, as described in the foregoing paragraphs, Plaintiff, and those employees similarly situated to Plaintiff, were not paid full and proper overtime premiums for all hours worked.

## JURISDICTION

5. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

6. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

7. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

8. Venue is proper in this Court because the Plaintiff resides within the District and Defendant maintains business operations within the District.

9. This Court has personal jurisdiction over Defendant because the instant claims arose from acts/omissions committed by Defendant in this District and Defendant conducts sufficient business operations in this District to confer both general and specific personal jurisdiction over Defendant.

**PARTIES**

10. At all times material hereto, Plaintiff was a resident and citizen of Miami-Dade County, Florida.

11. Further, at all times material hereto, Plaintiff was/is a non-exempt security guard and performed related activities in connection with his employment for Defendant in Miami-Dade and Broward County, Florida.

12. At all times material hereto Defendant, GFI, was, and continues to be a Foreign Profit Corporation.

13. At all times material hereto, Defendant, GFI, was, and continues to be, engaged in business in Florida, with a place of business in Miami-Dade and Broward County, Florida.

14. Defendant GFI is a minority-owned, veteran-owned, and service-disabled veteran-owned small business that provides security guard services and physical security solutions to the federal government.

15. Defendant GFI has been awarded contracts with the United States Department of Veterans Affairs ("VA") to provide security services at VA medical centers, clinics, cemeteries, and benefits offices across the country.

16. Several of the awarded contracts having been made to GFI on a sole source basis as a service-disabled veteran-owned small business.

## COVERAGE

17. At all times material hereto Plaintiff was Defendant's "employee" within the meaning of the FLSA.

18. At all times material hereto, Defendant was the Plaintiff's "employer" within the meaning of the FLSA.

19. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

20. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

21. Specifically, at all material times hereto, Defendant operated in multiple states, throughout the United States, simultaneously.

22. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

23. At all times material hereto, the annual gross revenue of Defendant was in excess of $500,000.00 per annum.

24. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on/with goods or materials such as work uniforms, cell phones, computers, surveillance equipment, night sticks and other security/safety equipment, that had been moved in or produced for commerce.

25. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual

coverage of the FLSA.

26. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

## STATEMENT OF FACTS

27. At all times relevant hereto, Plaintiff was employed by Defendant as a non-exempt hourly-paid security guard.

28. Plaintiff has worked in this capacity from approximately April 15, 2020 through the present.

29. As a security guard, Plaintiff was paid hourly wages in exchange for work performed for Defendant, for all hours Defendant credited Plaintiff with working.

30. During the relevant period of time in 2021 to the present, Defendant employed and continues to employ hundreds of security guards who were/are also paid an hourly wage.

31. Plaintiff and those similarly situated to him, routinely worked, and continue to work, in excess of forty (40) hours per week as part of their regular job duties.

32. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to him, overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a workweek.

33. Defendant's failure to pay Plaintiff, and those similarly situated to him, their full and proper overtime premiums, resulted from a companywide pay policy, whereby Defendant excludes wages designated as "Health and Welfare" or "H&W" (collectively "H&W pay") from the calculation of its employees' regular rate of pay and resulting overtime rates of pay.

34. An exemplar pay stub, demonstrating that FLSA violation at issue is attached as **EXHIBIT A**. As is demonstrated by EXHIBIT A, Defendant paid Plaintiff H&W for the pay period from 1/17/24 to 1/31/24 in his paycheck dated 02/15/2024, but it failed to include such H&W pay in the calculation of his regular rate of pay and/or overtime rate of pay in such workweeks, despite working in excess of forty (40) hours in one or both workweeks during that pay period.

35. This exemplar paystub is just one example of the FLSA violation at issue which permeated all job sites at which Defendant paid its security guard H&W pay within the last three (3) years up to and including the present.

36. Defendant was/is aware that its failure to include H&W pay in the calculation of its security guards' regular rate and resulting overtime rates of pay violates the FLSA, because it has been advised of same by the United States Department of Labor.

37. Notwithstanding its actual knowledge that the pay policy at issue is in violation of the FLSA, Defendant has continued to knowingly, willfully, and recklessly violate the FLSA, by virtue of its continued failure to include H&W pay in the calculation of its employees' regular rate and overtime rate of pay.

38. Defendant has violated Title 29 U.S.C. § 207 at least from 2021 and continuing to date, in that: Plaintiff worked in excess of forty (40) hours per week during his period of employment with Defendant, and no payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff, and those similarly situated to him, at the statutory rate of one and one-half times Plaintiff's regular

rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff and the class members are/were all non-exempt, hourly-paid security guards employed by Defendant within the three (3) years immediately preceding the filing of the Complaint.

40. Plaintiff and the class members all performed the same or similar job duties as one another.

41. Plaintiff and the class members were subjected to the same pay provisions in that they were all hourly-paid employees of Defendant but were not properly compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek as a result of Defendant's failure to include H&W pay in the calculation of their regular rate of pay and overtime pay.

42. Thus, the class members are owed proper payment of overtime wages for the same reasons as Plaintiff.

43. The policies, practices or schemes complained of herein were applicable to Plaintiff and the collective members.

44. Application of these policies, practices or schemes does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

45. Rather, the same policy or practice which resulted in the improper payment of overtime to Plaintiff applied and continue to apply to all members of the collective. Accordingly, the class members are properly defined as:

> **All Security Guards who worked for Defendant within the last three years, who worked more than 40 hours in one or more workweeks, and who earned H&W pay which Defendant did not include in the calculation of their regular rate of pay and resulting overtime rate of pay.**

46. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to properly pay overtime compensation with respect to Plaintiff and the class members.

47. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices:

   (a) case law;

   (b) the FLSA, 29 U.S.C. § 201, *et seq.*;

   (c) Department of Labor Wage & Hour Opinion Letters; or

   (d) the Code of Federal Regulations.

48. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate at least equal to minimum wage and/or at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

49. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

50. Plaintiff re-alleges and re-avers paragraphs 1 through 49 the Complaint as if fully set forth herein.

51. From at least 2021, and continuing to date, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

52. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

53. At all times material hereto, Defendant failed, and continues to fail, to maintain proper/accurate time records as mandated by the FLSA.

54. To date, Defendant continues to fail to pay their non-exempt, hourly-paid employees their FLSA mandated overtime pay at the proper rate of one-and-one-half their regular rate of pay, despite its recognition that such employees' positions are non-exempt and entitled to same.

55. Defendant's actions in this regard was/is willful and/or showed/show reckless disregard for the provisions of the FLSA, as evidenced by its continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

56. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

57. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

58. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

    a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

    b. An award of unpaid overtime compensation due under the FLSA;

    c. An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C § 216;

    d. An award of prejudgment and post judgment interest;

    e. Declaratory relief pursuant to the DJA and FLSA finding that all hours worked

   by Plaintiff and the class members should be paid at an amount at least equal to the applicable minimum wage and that all hours worked over forty in a workweek should be paid time and one-half of an employees' regular rate of pay;

 f. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

 g. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: May 21, 2024.

           Respectfully submitted by,

           **/s/ *Corey L. Seldin***
           Andrew R. Frisch, Esq.
           Florida Bar No. 27777
           Corey L. Seldin, Esq.
           Florida Bar No. 1026565

           **Morgan & Morgan, P.A.**
           8151 Peters Road, Suite 4000
           Plantation, Florida 33324
           Telephone: (954) WORKERS
           Facsimile: (954) 327-3013
           Email: afrisch@forthepeople.com
           Email: cseldin@forthepeople.com